IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARSHALL E. SCHMITT, TERRY )
L. MORGAN, and RICHARD J. )
MARCHEWKA, on behalf of )
themselves and other employees )
similarly situated, )
)
   Plaintiffs, ) CIVIL ACTION
)
v. ) Case No. 91-4213-DES
)
THE STATE OF KANSAS, )
)
   Defendant. )
)
_____)
)
JEFFREY L. COLLIER, ROBERT S. )
McKINZIE, CHARLES L. KOEHLER, )
and STEPHEN P. O'ROURKE, on )
behalf of themselves and other )
employees similarly situated, )
)
   Plaintiffs, )
) CIVIL ACTION
v. )
) Case No. 91-4215-DES
THE STATE OF KANSAS, )
)
   Defendant. )
_____)

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

This matter is before the court on plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend judgment (Doc. 498).[1] Defendant does not respond. The court

---

[1] Rule 59(e) requires that a motion to alter or amend be filed within ten days of the <u>entry</u> of judgment. The court questions whether plaintiffs' motion is timely. Nevertheless, even

considers plaintiffs' motion as an uncontested motion under District of Kansas Rule of Practice and Procedure 206(g).

## II. DISCUSSION

Plaintiffs argue that the judgment entered following bench trial is not final. The court agrees.

Prior to the bench trial, the court (1) bifurcated liability and damages issues and (2) granted plaintiffs partial summary judgment on several liability issues. The parties tried to the court the remaining liability issues; damages were not addressed. Following trial, the court entered a Memorandum Decision finding for defendant on the remaining liability issues. The damages issues related to plaintiffs' shift differential and longevity claims remain to be decided.

Rule 54(b) provides, in part, as follows:

> [w]hen more than one claim for relief is presented in an action, . . ., the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . .

Because unresolved issues remain as to the amount of damages owed to plaintiffs on their shift differential and longevity claims, and because the court did not make a Rule 54(b) "determination and direction," the court concludes that the judgment which has been entered on the docket is not final. *Cf.*

---

if their motion is untimely, the court considers it under Rule 60(b).

2

*Kaszuk v. Bakery & Confectionery Union*, 791 F.2d 548, 553 (7th Cir. 1986)(holding that "[a] decision that fixes liability but not damages is not appealable, despite the entry of an order under 54(b)").

### III. CONCLUSION

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiffs' motion to alter or amend judgment (Doc. 498) is granted.

**IT IS FURTHER ORDERED** that the clerk is directed to reopen the case. The trial on the remaining damages issues shall begin **Monday, August 28, 1995, at 10 a.m.**

Dated this __19__ day of July, 1995, at Topeka, Kansas.

DALE E. SAFFELS
United States District Judge

DES:eiu

3